BOOTH, Judge,
concurring in part, dissenting in part:
I would reverse that portion of the judgment below ruling against Appellee Heritage on the counterclaim for appellants’ breach of fiduciary duties.[1] The evidence showed that, while still directors of appellee corporation, appellants engaged in competing businesses, closed appellee's Ocala branch and caused all appellee’s employees at the branch to resign. The result was the permanent closing of the Ocala branch and proven damages to Heritage of $20,285.35. The trial court erroneously concluded that, because Appellee Tuck, manager of the Ocala branch who precipitated the closing of the branch, offered to trade his stock in Appellee Heritage for the $130,000 worth of highly salable inventory in the Heritage branch warehouse and to assume the lease, appellee was bound to accept that offer and could not recover damages for cost of the storage and moving of the branch inventory thereafter required. This is a misapplication of the avoidable consequences rule. The result is to shield and benefit the defalcating directors at the expense of the corporate cestui qui trust.
I would remand for entry of judgment in favor of Appellee Heritage of $20,285.85, the amount shown without dispute to have been caused by appellants’ breach of fiduciary duties.

. Snead v. United States Trucking, 380 So.2d 1075 (Fla. 5th DCA 1980), cert. denied, 389 So.2d 1116, 1980 (Fla.); 19 C.J.S. Corporations, § 761, at 103-107.